Court calls the case of Peeble v. Knapp, Jr. Good morning. I'm Hilda Zalisco. I work with the court and Mr. Sanchez. In this case, we have a defendant who is convicted of a crime where the state failed to present any evidence on some of the essential elements of the offense. The state's main witness said, I couldn't say for sure, about one of the other elements of the offense, where that witness, who was a police officer, was allowed to blatantly misstate the law to the jury, and where the jury was never instructed on the correct law, in effect, at the time of the offense. There was simply no way the jury could possibly have found that Mr. Schroyer was guilty of driving a motor vehicle while his license was revoked under the current state of the law. This all started in 2009 when the Illinois legislature amended the definition of motor vehicle. Under the old statute, a motor vehicle was every vehicle which was self-propelled unless it was a vehicle moved solely by human power, and then they included motorized wheelchairs. In 2009, they amended the statute and made new requirements for a motor vehicle. Motor vehicles under the new statute are vehicles which are self-propelled unless they are a low-speed bicycle, a motorized wheelchair, or there's a couple other things under there. Now, a low-speed gas bicycle is, excuse me, a two- and three-wheeled bicycle with fully operational pedals, has a gas motor less than one horsepower, and a maximum speed of 20 miles an hour when it's ridden on a flat paved surface, powered solely by the motor, while being ridden by a person who weighs 170 pounds. Or less, I take it? The statute says who weighs 170 pounds, so you're 169 and you don't have to guess. It's a little unusual. Yeah. I did not draft the statute, but yes. The state did not prove all of the elements. I'm sorry? Did the defendant weigh more or less than 170 pounds? We don't know what the defendant weighed at the time of the offense. At the time of trial, he weighed considerably more than 170 pounds. How much was there? There was an amount in the record. No, not in the trial record. The PSI said that he weighed approximately 250, 270, something like that. But there's nothing in the record. So he approximately weighed 100 pounds more than the maximum amount. Correct. But there's nothing in the record? Correct. At trial? Correct. Now, for purposes of this argument, we concede that he was riding a two-wheel vehicle, there was a motor attached, and his license was revoked at the time. Can I ask you about a statement that I read, and I have not perused the actual record, but there was a statement that he purported to have made that said he was driving 20 to 25 miles an hour. He said the bike could go 20 to 25 miles an hour. Oh, that's right. You're right. But we don't know the circumstances. We don't know if that meant he could ride it that fast. We don't know if that meant with the pedals and the motor, if he was going downhill when he reached that speed. We simply don't know. He said it could go that fast. Now, the state's witness said he was going 20 or maybe 25. Quote, I couldn't be sure. I couldn't be sure. First of all, it's not proof beyond reason that anything. Now, I thought that in your brief that you insinuated that the state said that he could have been going 15. And when I read the Appalese brief, it appeared that the state did not say that. I was wrong. That's correct. He said he was going 20 or 25 miles an hour. Now, this was he's on for six seconds. He didn't have the radar gun or anything out. And most importantly, he said, quote, I couldn't be sure. Isn't the really important question is who has the burden of proof on this? The burden of proof, we've talked about that in our cases. Both of us have discussed it in the briefs. I'm relying on an Illinois Supreme Court case. The state is relying on a second district case. And you're relying on the law basher? Yes, yes, I certainly am. In that case, it was a lawful use of weapons case, but it said when an exception appears as part of the body of the offense, the state has the burden of disproving the existence. And I struggled with that. And basically, aren't they saying that you could not prove the elements of that offense without proving that it was that it was not on private property? Where you could prove the elements of this offense by by not saying anything about this low powered motor vehicle. And you would still have the elements of the offense, wouldn't you? No, because it's essential to the definition of a motor vehicle. Well, you could prosecute a lot of cases without that ever arising. And I thought that that was the difference. Because I think that the jury could take notice that a four wheeled car is not a two or three wheeled vehicle. You're saying then it's a jury question? So are you saying that in every situation, the state would have to disprove that it was not one of these exceptions? That's the way I read the statute. I think it's a very poorly drafted statute. They would have to at least have some evidence that it was not a two or three wheeled vehicle to start with. And if they say, was it a pickup truck? Then I think you can automatically assume that it was not two or three wheeled going by that. But you know, even if your honor's finding defendant has the burden of truth, that still, the jury still couldn't find him guilty because it says it has to be going 20 miles an hour, powered solely by the motor. In this case, Hofer, the cop, testified that when the defendant went by, the motor was running and the defendant was pedaling. So right there, the state has... You've lost me there. Okay. So he could have been making it go faster? I'm not sure I understand the significance. Sure, we don't know. But it's taken it out of the requirements for a low speed gas bicycle. Because it says when powered only by the motor itself. And this wasn't powered only by the motor itself. Because he saw him actually pedaling at the same time. Correct. Correct. So even if, and I'm not arguing the defendant does have the burden of truth, but even if he does. Now, when we look at the record, are we going to see anything about this vehicle's engine? The horsepower, the make, the manufacturer, or was it like a homemade job? I don't think it was a homemade job. But the officer went, there's pictures of it. And then he said something about, well, he was looking for something on there that would tell how many cc's it was. And I don't know cc's and horsepower. I don't know what that means. Well, they're different. But I know, I think it's like 50 cc's. That I know. Yeah, yeah. I think maybe like 50 cc's equals a horsepower. I'm not sure. But he said, I looked for information on the bike itself. I couldn't find anything. So, you know, I think he said maybe, defendant had said or somebody had said it was less than that. But there's no evidence of what it actually was. The size of the motor. It might have been a Suzuki, but not for positive. Well, somebody said it was a moped, which is a brand. Yes. But it sounded like they were using that like Kleenex. Yes, yes. That was my understanding. It was, there was no evidence that this was actually a moped. Have I answered your questions on that? Yes. Okay. Not only did they fail to prove all the elements of the offense, but Hofarth was allowed to tell the jury the wrong law and that was never corrected. On cross-examination, he said it was his duty as a police officer to know the law. And he would be surprised to hear that a license was required for low-speed gas bicycles. He said, quote, I don't think that's accurate. He said, quote, I've never seen a law exempting these things. He would be surprised, quote, if such a law existed. Because police officers are, quote, supposed to know the law. So now you have the officer telling the jury the wrong law. In my mind, that only makes a difference if it's the state's burden rather than the defense's burden. Well, no, because he said there is no such law. And there clearly is such a law. He said, I would be surprised to find that there was a license required for those vehicles. He doesn't think that such a law exists. That's not the law. And at the jury conference, or jury instruction conference, the state presented an instruction on the law as it was, excuse me, in 2009. This offense, excuse me, occurred in June of 2010. The law had changed, and the defense counsel tried to present an IPI. Pardon me. That the IPI instructions had not been updated to conform with the changes in the law. Defense counsel. You can go ahead. Thank you. Defense counsel presented a jury instruction that said, this is the current state of the law. The court said no. So the jury never had even the opportunity to decide if, in June of 2009, Mr. Troyer broke the law that no longer existed. They were never told what the current state of the law was. Go ahead, yeah. Go ahead. Can I ask one other question? Yes. So on the low-speed gas bicycle statute, you would argue that, under the circumstances, it is a question of fact because of all the requirements that would have to go into proof, whether it was on a flat plane, whether it was two or three-wheeled device, whether it had operable pedals. All of those are indicators that would require a factual determination as opposed to a question of law. They're factual questions for the jury, yes. The jury here was not given that opportunity. Great. Thank you, ma'am. Any other questions? Thank you. May it please the court, counsel, David Sanchez on behalf of the people. This is a case about whether the low-speed gas bicycle exception to the statutory definition of the term motor vehicle applies to the defendant. Because this exception does not apply in this case, this court should affirm his conviction and his sentence. The defendant challenges this case under a sufficiency of the evidence argument. However, the evidence overwhelmingly proves that the defendant was guilty of driving a motor vehicle while his license was revoked. The state did not need to prove that the defendant was not driving a low-speed gas bicycle. The nonexistence of the low-speed gas bicycle exception is not an element of the offense. It is merely an exception to the definition of the term motor vehicle. Using the language of the case People v. Rogers, the low-speed gas bicycle exception merely withdraws certain acts or persons from the operation of the statute, namely those driving a low-speed gas bicycle. Therefore, because it is an exception, the burden is on the defendant to prove that this exception applies. It is not so incorporated the language of the offense that the elements of the offense cannot be accurately described without reference to the exception, which is why this case is distinguished from People v. Lobsher. People v. Lobsher indeed was a Supreme Court case, and it still is good law. People v. Rogers is also good law, and it just distinguishes Lobsher's holding. The unlawfulness of the act in this case, or I'm sorry, the unlawfulness of the act in the case of People v. Lobsher could not be described without reference to the exception. That's different here. Indeed, the offense of driving with a revoked license can be entirely described without the reference to the low-speed gas bicycle exception. For example, a person's driving along the I-57. He has his driver's license revoked, and he's driving a pickup truck. He can certainly be convicted of driving while his license is revoked. The low-speed gas bicycle exception in no way defines or describes the offense, and no reference to it needs to be made to sustain that conviction. Mr. Sanchez? Yes. Is one of the elements of the crime that you must be driving a motor vehicle? It is that you must be driving a motor vehicle. And how do you prove the word motor vehicle? Well, a motor vehicle is defined as every vehicle which is self-propelled, and then it lists some exceptions. But that's really not the definition of a motor vehicle, every vehicle that's self-propelled. That's the statutory definition. Except for? Except for. I guess my question is, you would agree that the state has the burden of proving every element of the offense, right? Correct. And one of the elements of the offense is you have to be operating or controlling a motor vehicle. So you have to prove what is a motor vehicle. According to the statutory definition, of course. A pickup truck is easy. That's easy. What about a jazzy? Well, there was evidence that this was a self-propelled vehicle, that it had a motor, that it wasn't operated solely by human power. So what you're saying is you don't have to prove the exceptions, that once you've proved it's a motor vehicle, you don't have to prove the shifts to the defendant? That's what I'm arguing, yes. Under certain circumstances. And it has to be a substantive part of the elements, and it has to be something that is accepted by certain conduct and by certain individuals, as I understand the distinction between Losch, Burr, and Rogers. Right. Right. I mean, using the language of those cases, the low-speed gas bicycle is an exception to the definition of motor vehicle. And it only applies where there's evidence showing that this vehicle was a low-speed gas bicycle. Without any showing of that, it's entirely inapplicable. And that's why I'm asking, I don't want to get to the low-speed part until we get to the proof part of the beginning. The proof part of the beginning is the word motor vehicle. Correct. Then there's many different kinds of motor vehicles. Correct. So what you're saying is that once you prove it's a motor vehicle, then depending on the circumstances, the defendant may bear the burden. Correct. It's just a check. Yes. What about a motorized cart, such as we see now being used and called jazzy? Three wheels, like a wheelchair, but there's a seat. Okay. And you might have a 300-pound person. Okay. Is that a motor vehicle? It might be a motor vehicle. It would be on the defendant to show that it was possibly a motorized wheelchair, which is an exception to the definition of a motor vehicle. But the mere fact that it went 300 pounds would put it outside the statute. No. That only applies to the low-speed gas bicycle definition. I thought it was a wheelchair. Oh, you know what? You might be right as far as how a motorized wheelchair is defined. I don't have that definition in front of me. Okay. But I do have the low-speed gas bicycle definition in front of me. I know that that refers to a person weighing 170 pounds. Or more or less. It says so. It's 170 pounds, it's 170 pounds, went on flat, and my wife is eating slowly, and my wife, you know. It's got all these things in it. Right. It does have a lot of particular language. But when there's no evidence of any of that language applying, then the jury doesn't need to be instructed on it, and it's an exception. The state doesn't need to prove that because it's not an element of the offense. The offense is operating a motor vehicle, and a motor vehicle is every vehicle which is self-propelled, except for vehicles moved solely by human power. The state has never been required to carry the burden of proving every exception to the term motor vehicle in cases involving driving while license is revoked. And the defendant points to no case indicating that the state needs to prove the nonexistence of any of these exceptions before a conviction for driving with a revoked license can be sustained. The evidence overwhelmingly established all the elements of the offense, and the defendant's challenge only applies to the motor vehicle section. Since the state proved that the vehicle in question was a motor vehicle, the burden shifts to the state to prove that it was an exception to that definition, and the defendant did not attempt to satisfy that definition, that burden. And there was, let me pause for a moment and say that there was evidence that this was a vehicle operated by a motor. There was a motor on the vehicle. It was the officer testified that he heard the motor running as the bicycle went by him. The bicycle was traveling at a speed of 20 to 25 miles per hour. The defendant said it could reach a speed of 20 to 25 miles per hour. So we are dealing with a vehicle by definition, any definition of the term vehicle, a wheeled means of conveyance. That is operated by a motor. It is a motor vehicle. If it's a low-speed gas bicycle, which is an exception to that definition, then the defendant needed to present some evidence or make some showing of that, and he did not attempt to make that showing. As far as the jury instruction issue is concerned, it is not error for the trial court to refuse a tendered instruction on a defense where there is no evidence to support that particular defense. As noted, the defendant presented no evidence to show that this was a low-speed gas bicycle, and therefore the court did not need to so instruct the jury. If the court had instructed the jury that this was a low-speed gas bicycle or that the low-speed gas bicycle exception applied, that might be misleading because it doesn't apply where there's no evidence presented to show that that's what it was. What about the fact that the defendant tendered an instruction? I'm sorry, I'm not following. Are you saying that the defendant's instruction should have been denied because it didn't adequately state the law? There's no reason to submit it because you argued that they had the burden of proof. Correct. And if they had the burden of proof, then they submitted the instruction. And so now you're arguing that there was no basis to support that that was okay. There was no basis to support the issuing of that instruction because there was nothing in the record to show that that law applied. I'm not saying that the law doesn't say that the low-speed gas bicycle exception... So you're saying that under no circumstances was there a scintilla of proof that would have allowed for the introduction of the non-IPI instruction? Yes. Do you quarrel with the way the non-IPI was written if there had been a scintilla of proof? Um... Well, I mean, just on the fly, I guess I can't... I wouldn't argue if there was some... I mean, the rule states that where there is slight evidence, then that will justify the issuing of an instruction. Here, the court found that there was no evidence showing that this was a low-speed gas bicycle. For these reasons, the people respectfully request that this court affirm the defendant's conviction and sentence. Thank you. Thank you. I just have a couple of quick questions, or quick comments. On the last point on the jury instructions, it is never okay for the court to accept an instruction on a law that is no longer in effect, in effect, and reject an instruction on the current state of the law. What should have additionally been added? The exceptions. The requirements of the motor vehicle that were not in the old law should have been before the jury. And when the state said... And could you clarify for me, you said that law was changed in 2010? 2009. Okay, the law was changed in 2009. January of 2009, and this happened a year and a half later. And when the state said that low-speed gas bikes are not an element of defense, yes, they are. They're essential to the definition of a motor vehicle. Well, I get confused when I read the cases, quite honestly. I don't think they really mesh. They don't. They don't. And you read one, and they make it look like it's crystal clear, and then you read another, and it doesn't seem... I mean, it does talk about if the exception merely withdraws certain acts or persons from the operation of the statute, it need not be negatived, and the position in the act is of no consequence. And that would be Rogers. Do you think that doesn't apply here? The difference between Rogers and Lobsher. In Rogers, it was saying, here's a statute. Now, the statute doesn't apply to these people, these certain people. If you have a restricted driver's permit, then you as a person are exempted. It doesn't go to the definition of statute, though. In this case, and in Lobsher, there's a question of, do they have to prove where the offense occurred? Because you couldn't have the offense if you didn't show where it was. That actually has to be part of the offense. Correct. And you couldn't have this offense without knowing what a motor vehicle was. Well, but we do to the broader extent. We know that this was a motor vehicle. We just maybe don't know whether or not it's exempted. So the question is, and then they talk about typical cases in Ellis. They talk about what would be a typical case. Well, I think this is a pretty atypical case, if you take that analysis. I agree with you, but I disagree with your statement that we know this was a motor vehicle, because it's not. Well, I thought the broad definition of a motor vehicle was something that was self-propelled or could be self-propelled. Correct. And you're not conceding that this could be self-propelled if it went up to 25 miles an hour? We don't know. First of all, we don't know that it was self-propelled at 25 miles an hour because defendant was pedaling. The motor was running, but defendant was pedaling. So we don't know that it was self-propelled at 25 miles an hour. First of all, I'm not conceding that it was going 25 miles an hour, but we don't know that it was self-propelled. The state said, well, just because it has a motor, it's a motor vehicle. What about a speedboat? That has a motor in it. What about my dryer? My clothes dryer has a motor in it, but it's not a motor vehicle. Hopefully it's not going anywhere. No, I hope so too, but I guess the boat was a better example. We just don't know. The state can prove. But in most cases, the state will say this is a car or a truck. Then if the jury is correctly instructed to the law, they'll go, let's see, it's a car, and everybody knows what a car is, so I'm pretty sure that it doesn't have pedals and it goes 25 miles an hour or whatever. It's a jury question, but the jury has to be instructed on the law. It's a jury question, in my mind, again, only if the state had the burden. If the defendant had the burden of proof, how did he, what evidence did he have to show that it was not a motor vehicle that was not exempt? Because when it was going 25 or 20, 25 miles an hour, it was being pedaled, so it wasn't within the definition. Wouldn't he have to prove that it was exempt? It's a jury question. No, he has to have some proof of the fact that it's exempted. If it is, in fact, his burden of proof. You don't get to go to the jury on an issue that you've offered no proof of. But the state offered proof for us in this case. But if the jury had gone down the checklist, if they had been instructed and went down the checklist, okay, it's a two-wheeled bike, it was a motor without being pedaled. Oh, yeah. The state stuck their foot in their mouth by proving that point. Does that make it a little clearer what I'm trying to say? Well, I understand what you're trying to say. Thank you. Very interesting case. Thank you. I think so. Any other questions? Thank you. Thank you.